## DIERINGER vs. MEYER.

MASTER AND SERVANT. *Right to discharge servant before end of term.*

If a servant, without his master's consent, engage in any employment or business for himself or another, which may tend to injure the master's trade or business — as in one which brings him in direct competition with the master, giving him a hostile interest, — he may lawfully be discharged before the expiration of the agreed term of service, even though he may so conduct such other business, by agents or otherwise, that it does not interfere with the time and attention due the business of his employer.

APPEAL from the Circuit Court for *Fond du Lac* County.

During the year 1875, plaintiff was employed by defendant to superintend the lumber yard of the latter at New Cassel in Fond du Lac county. At that yard defendant also carried on the business of purchasing wood and shipping it to the city of Fond du Lac, to be there sold. Plaintiff also had charge of this branch of defendant's business at New Cassel. In June, 1875, defendant discharged plaintiff from his service, and paid him to the time of such discharge. Plaintiff claims that he was so employed by the year, that is, for the whole of

the year 1875, and this action was brought to recover his wages at the stipulated rate from the time he was discharged until he obtained other employment. Defendant denies that the hiring was for a year, or for any specified time, and alleges that he had good cause for discharging the defendant.

The testimony tends to show that while so in defendant's service, plaintiff carried on the wood business on his own account, purchasing wood at New Cassel and selling it in the Fond du Lac market.

The only instruction to the jury which it is necessary to state, is the following: "The plaintiff had a right to be interested in any kind of business, but his interest in such business must not in any way interfere with his time and attention to the business of his employer." The plaintiff recovered in the action, and defendant appealed.

For the appellant, a brief was filed by *D. Babcock*, and the cause was argued orally by *David Taylor*. To the point that the instruction above recited was erroneous, they cited 2 Parsons on Con., 36, note (f); Story on Agency, § 334; Wood on Master and Servant, § 116, and authorities there referred to; *Morrison v. R. R. Co.*, 52 Barb., 173; *McDonald v. Lord*, 2 Rob., 7.

For the respondent, a brief was filed by *Shepard & Shepard*, and the cause was argued orally by *C. E. Shepard*. They contended that the contract for hiring is a contract to sell the employee's time and labor on certain terms; that it does not include an agreement on his part not to invest his capital, and such personal attention as his employer's business does not demand, in the purchase and sale of wood, or land, or stocks; and that if defendant desired to monopolize the wood trade, he should have stipulated for it, as the law would not inject such a contract into a simple contract to employ a clerk.

LYON, J. It is well settled that if a servant, without the consent of his master, engage in any employment or business

for himself or another, which may tend to injure his master's trade or business, he may lawfully be discharged before the expiration of the agreed term of service. This is so because it is the duty of the servant, not only to give his time and attention to his master's business, but, by all lawful means at his command, to protect and advance his master's interests. But when the servant engages in a business which brings him in direct competition with his master, the tendency is to injure or endanger, not to protect and promote, the interests of the latter. It was said by Lord ELLENBOROUGH, in a discussion of this subject in *Thompson v. Havelock*, 1 Campb., 527, that "no man shall be allowed to have an interest against his duty." Manifestly, when a servant becomes engaged in a business which necessarily renders him a competitor and rival of his master, no matter how much or how little time and attention he devotes to it, he has an interest against his duty. It would be monstrous to hold that the master is bound to retain the servant in his employment after he has thus voluntarily put himself in an attitude hostile to his master's interests.

The fact may be, in certain cases, that, notwithstanding the servant has engaged in a rival business, still he has given his whole time and attention to the business of his master. An attempt was made to show that this is such a case. But the existence of that fact will not take a case out of the rule above stated, for the reason that the servant would yet have an interest against his duty.

The cases which sustain or tend to sustain the doctrine here laid down, are very numerous. For convenience we cite a few of them; *Singer v. McCormick*, 4 W. & S., 265; *Jaffray v. King*, 34 Md., 217; *Adams Express Co. v. Trego*, 35 id., 47; *Lacy v. Osbaldiston*, 8 Car. & P., 80; *Read v. Dunsmore*, 9 id., 588; *Nichol v. Martyn*, 2 Esp., 732; *Gardner v McCutcheon*, 4 Beav., 534; *Ridgway v. Market Co.*, 3 Ad. & E., 171; *Amon v. Fearon*, 9 id., 548; *Horton v. Mc-*

*Murtry*, 5 Hurl. & N., 667.   See also Wood on Master and Servant, sec. 116, and cases cited in notes.

If the plaintiff became engaged in a business which necessarily made him a competitor of his employer in the purchase of wood at New Cassel, or in selling the same at Fond du Lac, such business had a direct tendency to raise the price at the former place and depress it at the latter, as well as to decrease the defendant's business; and hence its tendency was hostile to the defendant's interests.   And it was equally hostile, even though the plaintiff conducted it entirely by agents, and gave his whole time and attention to the business of the defendant.

The learned circuit judge charged the jury, in effect, that it was no valid cause for discharging the plaintiff before the expiration of the term for which he was employed, that he engaged in such rival and hostile business, if he gave his whole time and attention to the business of the defendant. Within the rules of law above stated, this instruction was erroneous, and the verdict may have been predicated upon the instruction and controlled by it.   Hence the error is material, and fatal to the judgment.

As to whether the contract of hiring was or was not for a specified term of service, we express no opinion upon the evidence; but we have decided the case on the theory that there was a hiring for a year, that being most favorable to the plaintiff.

*By the Court.* — Judgment reversed, and cause remanded for a new trial.