No. 19,193.

W. H. DAWSON *v.* EUGENE CLARK, ET AL.
(358 P. [2d] 591)

Decided January 16, 1961.

Mr. SAMUEL H. STERLING, Mr. HARRY M. STERLING, Mr. DONALD E. SPIEGLEMAN, for plaintiff in error.

Mr. GASPAR F. PERRICONE, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

PLAINTIFF in error, to whom we will refer as Dawson, brought suit in the district court of the City and County of Denver against Eugene Clark, Henry Fritz and Jack Ranney, hereinafter referred to as defendants, to recover damages for an alleged breach of contract to provide him with employment.

Defendants entered into a contract with Dawson under the terms of which the latter sold to them the business which had theretofore been conducted under the name of the W. H. Dawson Sheet Metal Works. One of the stipulations in the contract was that defendants would employ Dawson "in a supervisory capacity" for one year following the execution of the contract, at a compensation to be arrived at under a formula specifically described in the agreement. The date of the agreement was October 24, 1955. Dawson became ill in February, 1956, and did not thereafter perform any service under the contract; however he reported for work again on April 16, 1956, at which time he was discharged.

This action was brought by Dawson to recover the damages allegedly sustained by him because of the failure of defendants to provide employment from April 16 to the expiration of the year during which it was agreed he should be employed.

The case was tried to the court without a jury. At the close of the evidence offered by Dawson defendants moved for a dismissal of the action. This motion was granted except for the fact that the court entered judgment in favor of Dawson for $58.22 which was found to be due on account of services rendered prior to the date of his discharge. No cross-error is assigned by defendants. Dawson seeks review by writ of error and as grounds for reversal asserts:

(1) "The trial court erred in holding that the burden of proof was upon the plaintiff, as an employee, to prove his wrongful discharge instead of requiring the defend-

ants, as employers, to prove their just cause for discharging plaintiff"; and

(2) "Regardless of the distribution of the burden of proof, the trial court's finding of just cause for discharge was unsupported by the evidence, for the evidence conclusively established that defendants waived and condoned, by their inaction and retention of benefits, any acts relied upon by them for discharge, and are estopped to assert same * * *."

On behalf of defendants it is argued, inter alia, that:

"The record conclusively establishes the wrongful conduct of the plaintiff and, by reason thereof, justified his discharge from employment; the defendants were under no duty to apprise the plaintiff of the action taken by the defendants on account of his wrongful conduct and, accordingly, no known doctrine of estoppel or waiver is pertinent or applicable."

We have read the full transcript of the evidence and find from the testimony elicited from Dawson himself, upon cross-examination and re-direct examination by his own counsel, that the trial court correctly concluded that there was justifiable cause for Dawson's discharge. His own testimony disclosed that while he was employed by defendants under the terms of the contract, he carried on the same type of business in his own name and at times submitted bids in competition with the defendants.

The defendants Clark and Fritz were called for examination as adverse witnesses and when the evidence offered by Dawson was concluded the motion for dismissal was made. It is clear that the trial court was satisfied that the discharge of Dawson was justified under the applicable principle of law as set forth in *Bilz v. Powell*, 50 Colo. 482, 117 Pac. 344, where this court approved the following quotation from a case decided by the Supreme Court of Wisconsin:

"It is well settled that if a servant, without the consent of his master, engage in any employment or busi-

ness for himself or another, which may tend to injure his master's trade or business, he may lawfully be discharged before the expiration of the agreed term of service. * * * Manifestly, when a servant becomes engaged in a business which necessarily renders him a competitor and rival of his master, no matter how much or how little time or attention he devotes to it, he has an interest against his duty. * * * "

██ The evidence, as it stood at the time the case made by Dawson was finished, as appraised by the trial court whose province it is to weigh the evidence and test the credibility of the witnesses, was deemed by the trial court to be insufficient to support his complaint. The record fully supports this conclusion. The judgment accordingly is affirmed.

MR. JUSTICE FRANTZ and MR. JUSTICE DOYLE concur.