IN RE: DISCHARGE OF ROBERT C. BURRIS BY THE CITY MANAGER, THE CIVIL SERVICE COMMISSION AND THE CITY COUNCIL OF THE CITY OF ASHEVILLE.

(Filed 24 February, 1965.)

**1. Appeal and Error § 49—**

Where there is no exception to the findings of fact, an appeal presents only whether the facts found support the conclusions of law.

**2. Master and Servant § 10; Municipal Corporations § 9—**

Findings to the effect that a municipal employee, with knowledge that the city would have to acquire certain realty, purchased an interest in such realty, *held* ground for the discharge of the employee, since the facts disclose that the employee knowingly and deliberately brought about a conflict of interest between himself and his employer.

APPEAL by petitioner Robert C. Burris from *Clarkson, J.,* 23 November 1964 Session of BUNCOMBE.

This case was here at the Spring Term 1964 and its disposition then is reported as *In re Burris,* 261 N.C. 450, 135 S.E. 2d 27. Petitioner, a Civil Service employee in the Tax Department of the City of Asheville, was discharged by the City Manager when petitioner acquired an interest in real property which the City was attempting to buy for use in connection with the Municipal Airport. The Civil Service Commission, after giving petitioner a full hearing as provided by N. C. Sess. Laws 1953, ch. 757, recommended his discharge upon findings here summarized:

Sometime prior to 1963, petitioner procured from approximately 40 persons 8 deeds to himself and to his wife. These deeds purported to convey to them a one-third reversionary interest in the land on which the Boiling Springs Baptist Church is located. For these deeds petitioner paid approximately $1,000.00 and made an agreement with the grantors that *when the property was sold* the proceeds of the sale would be divided one-third to the Board of Education of Henderson County, one-third to the trustees of the church, and one-third to petitioner and his wife. The City of Asheville needs the property described in the deeds

to eliminate a hazard at the entrance of the Municipal Airport, and the City intends to acquire the property. At the time petitioner procured the 8 deeds to himself and to his wife, he knew that the City needed the property and intended to acquire it. Because of the doubtful title to the church property and the purchase by petitioner and his wife of a purported interest in it, the City's negotiations for the purchase of the property have been impeded.

Upon petitioner's request the City Council reviewed the action of the Commission and unanimously approved it. Petitioner then sought judicial review by a writ of *certiorari* issued by the resident judge of the district. When the matter came on for hearing, however, the judge was of the opinion that the Superior Court was without authority to review the findings of fact and conclusions of either the Commission or the City Council. He dismissed the proceeding, and petitioner appealed. We held that, since petitioner's removal had been effected in a *quasi*-judicial proceeding, he was "entitled to have the court pass upon the question whether or not the facts found are sufficient under the law and the regulations of the Civil Service Board to constitute a valid cause of the petitioner's discharge," *In re Burris, supra* at 454, 135 S.E. 2d at 30, and we remanded the cause to the Superior Court to pass upon that question.

Pursuant to this direction, on November 23, 1964, Judge Clarkson, after considering the entire record, and specifically the findings of fact made by the Commission and the Council, concluded as a matter of law that the facts found show that petitioner was in violation of the regulations of the Civil Service Commission in that he had caused to arise a conflict of interest between himself and his employer, the City of Asheville. He held that such conduct constituted a valid cause for petitioner's discharge and dismissed the proceedings. Petitioner excepted to the signing of the judgment and appealed. He assigns as error only the conclusions of law in the judgment.

*W. M. Styles for petitioner-appellant.*

*O. E. Starnes, Jr., for the City of Asheville, respondent-appellee.*

*William J. Cocke for Civil Service Board of the City of Asheville, respondent-appellee.*

PER CURIAM.　Petitioner's assignments of error do not call into question the findings of fact made by the Civil Service Commission or the evidence on which they are based. This appeal presents only the question whether the facts found support Judge Clarkson's conclusions of law. *Merrell v. Jenkins*, 242 N.C. 636, 89 S.E. 2d 242.

The findings of fact unequivocally disclose that petitioner knowingly and deliberately — and at an expenditure of considerable time and effort — brought about a conflict of interest between himself and his employer.

> "Manifestly, when a servant becomes engaged in a business which necessarily renders him a competitor and rival of his master, no matter how much or how little time and attention he devotes to it, he has an interest against his duty. It would be monstrous to hold that the master is bound to retain the servant in his employment after he has thus voluntarily put himself in an attitude hostile to his master's interests." *Dieringer v. Meyer,* 42 Wis. 311, 313, 24 Am. Rep. 415, 416.

Where an employee deliberately acquires an interest adverse to his employer, he is disloyal, and his discharge is justified. 3 Am. Jur. 2d, *Agency* § 48 (1962).

The judgment of the court below is

Affirmed.