18329

Clarence S. SMITH, Respondent, v. FIRST PROVIDENT
CORPORATION, Appellant
(141 S. E. (2d) 646)

*Rogers W. Kirven, Esq.,* of Florence, *for Appellant,*

*George W. Keels, Esq.,* of Florence, *for Respondent,*

April 12, 1965.

TAYLOR, Chief Justice.

This is an appeal from an Order of the Honorable G. Badger Baker, Resident Judge of the Twelfth Judicial Circuit, wherein the report of the Special Referee, recommending rescission of a written contract between Respondent's predecessor in title and Appellant for the sale of lots in a subdivision near the City of Florence, South Carolina, was affirmed and the contract ordered rescinded.

Appellant contends that the contract covers the entire tract of 160 acres owned by Respondent and is not limited to a portion thereof and that the lower Court erred in ordering the contract rescinded.

The contract in question, entered into in or about November, 1959, reads, in part, as follows:

"Whereas: Mrs. Anna Belle E. .Smith is the owner of a tract of land situate, lying and being in the county of Florence about one and one-half (1½) miles north of the City of Florence, South Carolina, and is known as Park View Terrace, containing twenty-four (24) lots as shown on a plat of the said property recorded in Plat Book P at page 156 in the office of the Clerk of Court for Florence County, hereinafter referred to as party of the second part.

"1. That in consideration of mutual promises the party of the second part does hereby list the said property with the party of the first and covenants and agrees that the party of the first part will be the exclusive agent for the purpose of selling any and all lots in the said Park View Terrace as shown on the said plat and any other lots that may become part of the said Park View Terrace in the future."

The express provision clearly applies only to the twenty-four lots mentioned therein with the provision that other lots may be added in the future. Examination of the record discloses ample evidentiary support that the parties did not subsequently agree to include additional land or lots. Respondent and his wife, who formerly owned the land, each denied that any agreement was reached to add additional land or lots to Park View Terrace. Mr. Robert Quarles, a former employee of Appellant, testified that no final agreement was reached between Appellant and Respondent concerning any other land. A plat prepared by Willie Banks, a surveyor, reveals additional lots Number 26 through 98 were designated "Proposed Subdivision Smith Property May 4, 1960." Mr. Banks testified the same was "the preliminary plat to show a proposed area subject to approval by the parties concerned." In a previous complaint brought by Respondent's predecessor in title, in June, 1960, to rescind the same contract, reference is made to the same subdivision as having twenty-four lots; and this allegation was admitted by answer thereto.

The general rule is that breach of a contract, to warrant rescission, must be so substantial and fundamental as to defeat the purpose of the contract. *Davis v. Cordell*, 237 S. C. 88, 115 S. E. (2d) 649. Appellant contends after Judge Baker's Order of August 24, 1960, terminating the previous action to rescind the contract and ordering a reasonable time for compliance, that everything was done that could be done to further the development of the property, until Respondent breached the contract by giving notice on November 3, 1960, he would no longer deal with Appellant.

"The right to rescind or terminate a contract on the ground of failure of performance by the opposite party belongs only to the party who is free from substantial default himself, and a party who has substantially broken the contract cannot rescind it on the ground that the other party subsequently refused or failed to perform." 17 Am. Jur. (2d), Contracts, Section 503, p. 980.

Respondent testified that after the Order of August 25, 1960, he and Robert Quarles, who was then in Appellant's employ, were working on the possibility of including additional lands or lots to the Park View Terrace Subdivision, when Quarles ceased working for Appellant before a final agreement had been reached. Respondent then notified Appellant that he would not agree to include additional lots to Park View Terrace and would only deal with Appellant on the original Park View Terrace. As no additions had been agreed to, Respondent was within his rights to limit his dealings to the original twenty-four lots contained in the contract and his refusal to add additional lots cannot be considered a breach of the contract.

Except for an attempted sale in July, 1961, of lot No. 44, which was refused by Respondent as the lot was not in the original Park View Terrace, Appellant did nothing to develop the Subdivision since the latter part of 1960 until January 22, 1964, the date of the complaint in the present action.

There is ample evidence to support the findings of the Circuit Court that Appellant has breached the contract by his refusal to perform the essential duties required of him and that Respondent is entitled to have the contract rescinded. We are, therefore, of the opinion that all exceptions should be dismissed and the Order appealed from affirmed, and it is so ordered.

Affirmed.

Moss, Lewis and Bussey, JJ., and Lionel K. Legge, Acting Associate Justice, concur.