## 18806

William A. GANTT and Dorothy June Gantt, Appellants, v. Cornelius VAN der HOEK, Van Builders, Inc., Atlas Lumber Co., Inc., and Five Points Savings and Loan Association, of whom Atlas Lumber Co., Inc., is, Respondent.

(162 S. E. (2d) 267)

308

*Messrs. Lewis & Cobb,* of Columbia, *for Appellants,*

*Messrs. Calvo & Lee,* of Columbia, *for Respondent,* ▉

July 8, 1968.

Moss, Chief Justice.

This action was brought in the Richland County Court of Common Pleas by William A. Gantt and Dorothy June Gantt, the appellants herein, against Cornelius Van der Hoek, Van Builders, Inc., Atlas Lumber Co., Inc., and Five Points Savings and Loan Association. The complaint prayed that a Mechanic's Lien previously filed by Atlas Lumber Co., Inc., the respondent herein, be dissolved and declared to be null and void. The respondent answered and filed its cross action asking for foreclosure of the Mechanic's Lien. Five Points Savings and Loan Association, a defendant below, was dismissed as a party defendant upon motion and with-

out objection. The defendants below, Cornelius Van der Hoek and Van Builders, Inc. defaulted and there are no issues in this appeal regarding any relief sought by the appellants against them. The matter was referred to the Master in Equity for Richland County to take the testimony, determine the issues involved and report his findings of fact and conclusions of law to the Court of Common Pleas. On April 11, 1967, the Master filed his report wherein he concluded that the respondent was not entitled to a Mechanic's Lien. The respondent appealed to the Court of Common Pleas for Richland County. The exceptions of the respondent were heard by The Honorable John Grimball, Resident Judge, who, by his order dated and filed August 31, 1967, reversed the findings of the Master and upheld the Mechanic's Lien filed by the respondent. It is from the order of Judge Grimball that this appeal is prosecuted.

It appears from the transcript of record that William A. Gantt was and is the owner of a certain lot in Richland County. On March 4, 1965, he and his wife entered into a contract with Van Builders, Inc. by which it agreed to furnish all labor, materials, and supervision for the erection of a residence on the aforementioned lot for the total price of $19,000.00, $2,000.00 being paid at the time of the signing of the contract, with the balance of the contract price to be advanced by the appellants to Van Builders, Inc. in such amounts and at such times as might be approved by the Five Points Savings and Loan Association, from whom a construction loan was obtained by the appellants, in payment of the cost of construction of the appellants' residence.

Van Builders, Inc. commenced the construction of the residence on the said lot on or about March 10, 1966. Subsequently, on or about May 15, 1966, Van Builders, Inc. abandoned the contract, at which time construction of the residence was approximately half completed and the dwelling was thereafter completed by the appellants at their own expense.

The respondent supplied certain building materials to Van Builders, Inc. for use in the construction of the aforesaid

residence. These materials were sold to Van Builders, Inc. on credit and delivery began on March 14, 1966. At the time Van Builders, Inc. abandoned the contract no payments had been made to the respondent on account of the materials so delivered. The amount claimed to be due by the respondent for such materials is $3,197.31. The respondent contends that the amount owed to it for the building materials entitles it to a Mechanic's Lien upon the appellants' residence and lot of land upon which it is situated, by virtue of Section 45-251 of the Code, which creates a lien in favor of one to whom a debt is due "* * * for materials furnished and actually used in the erection * * * of any building * * * by virtue of an agreement with, or by consent of, the owner of such building * * * or any person having authority from, or rightfully acting for, such owner in procuring * * * materials * * *."

The respondent contends that the requisite "* * * agreement * * * or consent * * *" was given by a statement signed by the appellant, William A. Gantt. The statement, written on paper bearing the letterhead of Van Builders, Inc., is as follows:

"March 12, 1966
"Mr. D. W. Baxter
Atlas Lumber Co., Inc.
Atlas Road, Columbia
"I, William A. Gantt, agrees with the above named Corporation to pay at completion of contract a part of the total sum to Atlas Lumber Co., Inc., and Van's Builders Inc. jointly for the amount of Six Thousand Dollars ($6,000.00).

William A. Gant
/s/ William A. Gantt."

It is apparent from the record that the language of the foregoing statement was composed by Mr. Cornelius Van der Hoek, president of Van Builders, Inc.

The respondent required Van der Hoek (or Van Builders, Inc.) to obtain such a statement as a condition to its

supplying building materials to him (or Van Builders, Inc.) on account. D. W. Baxter, Sr., Executive Vice President and Manager of the respondent, testified:

"We [*i. e.*, he and Van der Hoek] also discussed that before I would furnish him with any materials on this job, he would have to supply me with a written statement from the owner agreeing to pay Atlas Lumber Company and Van's Builders, jointly, the amount; up to the amount of $6,000.00. The reason for this was to guarantee that I would be paid for the materials that we were putting on the job. * * *

"Mr. Van der Hoek had been a Building Speculator, and my opinion of things at that time was that Speculative Building was not the kind of building that I was interested in as far as furnishing materials. And, also he was running a little bit behind on one of his other accounts, and this was just one way to guarantee that I would get my money."

William A. Gantt testified that prior to the signing of the statement he had had no conversation or discussion with any of the officers or employees of the respondent nor had he made any promises to the respondent concerning the construction of his house. He testified that the statement was brought to him by Van der Hoek who gave him the following explanation:

"He [Van der Hoek] told me that he was short of cash; that he didn't have any money to go any further with it; and that Atlas Supply (Lumber) Company didn't want to put any more money in the house as far as the material was concerned, because at the time we did not have the loan on the house, and that he needed me to sign this note so that when he finished the house I could make a check, the last check payable to him; not only to him but also to Atlas Supply Company."

\* \* \*

"And he said that he needed the paper because he was committed on several other projects, and that he was running short on funds, and that he needed to get this paper

signed so that when the last check was drawn his name and the Atlas Lumber Company name would be on it."

As hereinabove stated the language of the statement of March 12 was composed by Van De Hoek and the terms "at completion of contract" were inserted by him without the knowledge or approval of the respondent. When the statement was returned to the respondent's office by Van der Hoek it was placed in the respondent's files without being read by D. W. Baxter, Sr., or other officers of the respondent familiar with the transaction. It was the testimony of Baxter that if he had known that the statement as signed by Gantt contained the language "at completion of contract" he would not have extended credit to Van der Hoek (or Van Builders, Inc.) nor delivered the building materials.

The Master, in concluding that the respondent was not entitled to a Mechanic's Lien upon the property of the appellants, found the language "at completion of contract" in the statement signed by Gantt on March 12, to create a condition precedent to any right of the respondent to be paid by the appellants. It was the further finding of the Master that since the contract was not completed there was no liability on the part of the appellants to the respondent. The circuit judge, in reversing the Master, held that the language quoted above did not create a condition precedent but merely designated a time for payment. He held that the statement constituted an agreement on the part of Gantt to pay the respondent and such agreement was not affected by the failure of Van Builders, Inc. to complete its contract with the appellants. In so holding, the circuit judge found that the agreement was ambiguous and that Van der Hoek was the agent of the appellants in negotiating the agreement and when he composed its language. Having made the last two findings, the trial judge determined that the ambiguity was created by the appellants and construed the agreement against them in favor of the respondent.

We think the circuit judge was in error in holding that Cornelius Van der Hoek was an agent of the appellants. We think that under the facts of this case

Van Builders, Inc., operating solely through its president, Cornelius Van der Hoek, was an independent contractor and was so regarded by the respondent. His relation as such independent contractor was not contested by the respondent before the Master. There is no conflict in the testimony taken before the Master concerning the status of Van der Hoek or Van Builders, Inc. The testimony is that Van Builders, Inc. contracted with the appellants to build them a "turnkey house". The term "turn-key" is one generally used in the building trade to designate those contracts in which the builder agrees to, complete the work of building and installation to the point of readiness for occupancy. It ordinarily means that the builder will complete the work to a certain specified point, such as building a complete house ready for occupancy as a dwelling, and that the builder agrees to assume all risk. See *Robbins v. C. W. Myers Trading Post, Inc.,* 253 N. C. 474, 117 S. E. (2d) 438. Here, Van Builders, Inc. contracted to build a house for the appellants at a fixed price. The work was to continue until the house was completed. The contract between Van Builders, Inc. and the appellants provided:

"Builder agrees and promises to furnish all labor, materials, and supervision, and to erect the personal residence of the owners on their land, all according to the plans and specifications which have been signed by the Builders and Owners and are expressly made a part of this Agreement."

We think that under the agreement between Van Builders, Inc. and the appellants, Van Builders, Inc. assumed the responsibility and risk incident to the construction of the residence. There is no testimony in the record which suggests that the appellants exercised, or had the right to exercise, control over Van Builders, Inc. in the furnishing of labor, materials, and supervision required in construction of the residence. Under these circumstances, Van Builders, Inc. was an independent contractor and not the agent of the appellants. *Chatman v. Johnny J. Jones Exposition, Inc.,* 212 S. C. 215, 47 S. E. (2d) 302; *Norris v. Bryant et al.,*

217 S. C. 389, 60 S. E. (2d) 844; *Cooper v. Graham,* 231 S. C. 404, 98 S. E. (2d) 843.

The respondent knew that Van Builders, Inc. had a contract with the appellants. The testimony of D. W. Baxter, Sr. is to that effect. According to Baxter's testimony, the respondent considered it necessary that there be an agreement on the part of the appellants to pay the respondent jointly with Van der Hoek, precisely because Van Builders, Inc. was an independent contractor. Had Van der Hoek or Van Builders, Inc. been an agent of the appellants, the credit extended for building materials would have been extended to the appellants as principals. It was because the respondent knew that it had to look to Van Builders, Inc. for payment of the building materials and because it considered Van Builders, Inc. to be a poor credit risk because of other transactions that some additional security was felt required. That Van Builders, Inc. was considered an independent contractor by respondent is further shown by the testimony of D. W. Baxter, Sr. to the effect that when on one occasion the appellants called respondent's office and inquired as to the balance of the account of Van Builders, Inc., the information was refused without approval of Van der Hoek. Had Van der Hoek been the agent of the appellants there would have been no need for his approval that such information be given to the appellants because it would, in reality, have been information concerning the appellants' own account.

There is no testimony in the record which supports a finding that Van der Hoek was the agent of the appellants and the trial judge was in error in so holding. The evidence could reasonably support the conclusion that Van der Hoek was the agent of Atlas for the purpose of obtaining an agreement from William A. Gantt. We do not so hold, however, because it is enough for a determination of the issue here that Van der Hoek was not the agent of the appellants.

> In order for the respondent to assert a lien under the statute it is necessary that the materials be furnished "by virtue of an agreement with, or by con-

sent of," William A. Gantt. The respondent relies solely on the statement of March 12 as showing an agreement or consent on the part of Gantt. Such statement did not embody the terms of the agreement or consent which Baxter told Van der Hoek would be necessary before he could furnish the building materials. Additionally, Baxter testified that he "wanted the owner's consent in writing that he would pay us jointly * * * during the course of the job." He testified that his company had similar agreements with Van der Hoek and other third parties and when the joint checks were received by the respondent, the amount due it was deducted so as to bring his account up to date and the balance given to Van der Hoek. He testified that if the $5,000.00 check which had been made payable to Van der Hoek alone before he abandoned the contract had been made payable jointly to Van der Hoek and Atlas Lumber Co., "We would have taken that check when it was brought to us, applied the part of that check to his account to make it current at that time, and paid him the balance." It is obvious that the respondent wanted Gantt to agree to make it a joint payee on each of the periodic checks isued to the builder during the course of construction. Baxter unequivocally testified that he would never have given credit to Van Builders, Inc. on the basis of the statement signed by Gantt. He said: "* * * I would never set up anything based on completion. * * * I would not agree with Mr. Van der Hoek in regard to the completion of the contract because a job may never be completed, and I would never get my money."

The only consent or agreement given by Gantt is that contained in the language of the statement of March 12. Gantt had never discussed with Baxter or any other agent of the respondent the matter of delivery of the building materials to Van der Hoek for use in the construction of the residence or the extension of credit to Van der Hoek. All that Gantt knew about the matter was what Van der Hoek told him and that was "* * * that he needed me to sign this note so that when he finished the house I could

make a check, the last check * * *" payable to him and the respondent. Gantt was never told that Baxter wanted his consent in writing so that all payments could be made jointly to Van der Hoek and Atlas during the course of the job. The fact that the consent or agreement signed by Gantt did not go as far as the respondent required could have been easily determined by Baxter reading the statement when it was returned by Van der Hoek. Such a reading would have disclosed that the consent required by the respondent had not been given by Gantt, and according to Baxter's testimony, the materials would not have been delivered upon the basis of such statement had Baxter known of the contents of the consent or agreement given by Gantt. The respondent assumed, without reading the consent or agreement given by Gantt, that such conformed to its requirements. If the respondent was mislead in any respect it was not at the hands of the appellants but was by virtue of its own negligence in failing to read the statement given by Gantt and delivered to it by Van der Hoek.

The testimony heretofore recited was given by the parties to this action without any objection being made thereto. Actually, the testimony is not in conflict. Gantt and Baxter were the only witnesses who testified and each gave their version of their separate dealings and conversations with Van der Hoek.

It is true, under the general and well recognized rule, a written agreement between two persons merges all prior talk and negotiations about the subject of the agreement, and it is not proper to receive testimony to vary or contradict the terms of such agreement; but it is also a well recognized rule that, if the meaning of such agreement, or any material provision of the same, is not clear, then it is proper to admit testimony for the purpose of making clear such meaning. Further, it is proper to admit testimony in proof of a contemporaneous or independent agreement on the same subject matter, the meaning of

which is not at variance with the principal agreement. Especially is this true when the purpose of such contemporaneous or independent agreement was to induce the execution of and entering into the principal agreement. That is the condition we have in the case at bar.

This action by the appellants is one to have the asserted Mechanic's Lien of Atlas Lumber Co. to be dissolved and declared null and void because such constitutes a cloud on the title of the appellants to the property in question. Hence, this action is an equitable one. *Cathcart v. Jennings*, 137 S. C. 450, 135 S. E. 558. Since the master and the circuit judge have disagreed and made contrary findings on the material issues in the case, this court has jurisdiction to consider the evidence and make findings in accordance with our view of the preponderance or greater weight of the evidence. *Dunn v. Miller*, 247 S. C. 567, 148 S. E. (2d) 676.

The trial judge held that the statement signed by Gantt was ambiguous. However, assuming the correctness of such a determination, the evidence does not support his conclusion as to the meaning of the language used. The testimony of Gantt, hereinabove referred to, was that he signed the statement conditioned upon Van der Hoek finishing the construction of his residence and it was only if Vander Hoek completed the construction of his residence that Gantt agreed to assume any liability to Atlas for building materials. This testimony makes it clear as to what Gantt's intention was in using the expression "to pay at completion of contract." Atlas does not offer any testimony to the contrary. The statement signed by Gantt, even though delivered to Atlas, was not read by Baxter and it cannot be said that he furnished materials to Van der Hoek based upon a different interpretation of what the statement meant. There was no actual meeting of the minds between Gantt and Atlas. If there was any liability on the part of Gantt it cannot be enlarged by Atlas simply because Atlas

thought the letter signed by Gantt contained the terms related by Baxter to Van der Hoek as the condition for delivering building materials.

Since the condition contained in the statement signed by Gantt never occurred, no liability arose against Gantt in favor of Atlas under Section 45-251 of the Code.

It is our conclusion that the trial judge was in error in holding that the respondent had a valid Mechanic's Lien against the property of William A. Gantt. The appellants were entitled to have the Mechanic's Lien filed by Atlas dissolved and declared to be null and void.

In view of the conclusion here reached it becomes unnecessary to consider the other exceptions of the appellants.

The judgment of the lower court is reversed and this case remanded thereto for the entry of judgment in favor of the appellants.

Reversed and remanded.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.