**Cecil JONES, Appellant,**

v.

**DISTRICT PARKING MANAGEMENT CO., a corporation, Appellee.**

**No. 4918.**

District of Columbia Court of Appeals.

Argued March 10, 1970.

Decided Sept. 10, 1970.

---

Maurice A. Guervitz, Washington, D. C., for appellant.

Thomas D. Quinn, Jr., Washington, D. C., for appellee.

Before KELLY, FICKLING and KERN, Associate Judges.

KELLY, Associate Judge:

Appellant, a prior employee, was re-employed by appellee on March 2, 1961, as a parking lot attendant at a salary of $90 per week. He was discharged on April 3, 1968, at a time when his salary was $200 per week. Alleging that his discharge was without just cause or excuse, appellant brought suit for salary due and owing and earned vacation pay.

In a memorandum opinion the trial court found that appellant's discharge was for good cause and ruled that his vacation pay was thereby forfeited. It also found appellant entitled to reimbursement of three days' pay which had been withheld from his salary in 1961, at the rate of pay at which he was originally hired, doubled as a penalty under Section 3(d) of the District of Columbia Wage Payment and Wage Collection Law.[1] Implicit in this latter finding was another—that appellant had otherwise been paid in full for the days he worked up to the date of discharge. Judgment was entered for appellant in the sum of $90.

The evidence credited by the court on the cause of discharge was that appellant and two other former employees of appellee had incorporated a competitive parking company in January 1968, which company had thereafter entered into a lease to operate and did operate a parking lot previously leased to appellee. Appellant did not inform appellee of his connection with the new company and, even upon inquiry, told appellee's president that he had nothing to do with the operation of the company except that he had loaned money to some friends to organize it. The court found appellant's conduct inimical to the best interests of appellee, justifying his discharge.[2] While, in our judgment, this finding is based on credible facts of record and is not clearly erroneous, it does not automatically follow that appellant should forfeit deferred vacation pay rights which have already been earned.

Appellant testified without contradiction that his March 1961 agreement with his employer provided for a one-week vacation with pay at the end of his first full year of service; that his paid vacations, which at the time of his discharge had increased to four weeks per year, were based on a March to March work year and were always taken the following summer; and that, at the time of his discharge, he had not yet taken any of the four weeks earned during the preceding March to March year of service.

"It is beyond dispute that an agreement to pay vacation pay to employees made to them before they performed their services,

1. D.C.Code 1967, § 36–603(d).

2. See, In re Burris, 263 N.C. 793, 140 S.E. 2d 408 (1965); Dawson v. Clark, 145 Colo. 278, 358 P.2d 591 (1961); W. H. Kirkland Co. v. King, 248 Ala. 643, 29 So.2d 141 (1947).

and based upon length of service and time worked, is not a gratuity but is a form of compensation for services, and when the services are rendered, the right to secure the promised compensation is vested as much as the right to receive wages or other form of compensation." Textile Workers Union v. Paris Fabric Mills, 18 N.J.Super. 421, 87 A.2d 458, 459, aff'd, 22 N.J.Super. 381, 92 A.2d 40 (1952).[3] "At the close of work on March 31, 1952 [here February 29, 1968], eligibility for vacation and vacation pay during the year [preceding that date] became fixed and vested. In the absence of express agreement between the parties to the contrary, neither party could escape the rights and obligations fixed as of that date. The right vested in the employe; the obligation was determined as to the employer." Pfeifer v. A. F. Lowes Lumber Co., 206 Or. 115, 291 P.2d 744, 748 (1955). We hold, therefore, that in the absence of an agreement to the contrary[4] the fact that an employee was discharged for cause cannot operate to deprive him of earned vacation pay rights.

In its memorandum opinion the trial court failed to address itself specifically to appellant's claim that he had not been paid in full for his last week's work. Our concern about this claim arises from an inability to reconcile the undisputed testimony with the absence of an award to appellant in some amount. Appellant testified, again without contradiction, that he was paid on Friday for a period, the cutoff date of which was the previous Tuesday. He was discharged on a Wednesday evening. After his discharge appellant was given only two days' pay, although under the above evidence he was clearly entitled to more pay which was earned and due prior to his discharge.

Accordingly, we remand for a determination as to the proper amount of vacation pay due appellant and for a finding as to whether appellant had been paid in full for his last week of service.[5]

So ordered.

3. *See also, e. g.*, Smith v. Kingsport Press, Inc., 366 F.2d 416, 419 (6th Cir. 1966) ; In re Wil-low Cafeterias, 111 F.2d 429, 432 (2d Cir. 1940) ; Winkler v. Frank-Cunningham Stores Corp., D.C.App., 256 A.2d 905, 907 (1969).

4. *See, e. g.*, Textile Workers Union v. Paris Fabric Mills, 18 N.J.Super. 421, 87 A.2d 458, 459, aff'd, 22 N.J.Super. 381, 92 A.2d 40 (1952).

5. While the statute calls for an award of reasonable attorney's fees, except for the complaint the record shows no request for attorney's fees nor any evidence of what amount would be reasonable.