19971

EAGLE CONSTRUCTION COMPANY, INC., Respondent, v. RICHLAND CONSTRUCTION COMPANY, INC., and Glen Falls Insurance Company, Appellants.

(212 S. E. (2d) 580)

72

*George M. Lee, Jr., Esq.,* of *Calvo, Lee, Whitener and Graves,* Columbia, *for Appellants,*

*Richard M. Kenan, Esq.,* of Newberry, *for Respondent,*

March 11, 1975.

Lewis, Justice:

This is an appeal from an order granting the motion of plaintiff-respondent for summary judgment.

Respondent, Eagle Construction Company, Inc., brought this action to recover the balance allegedly due it under a written subcontract with appellant, Richland Construction Company, Inc. The subcontract was entered into between

respondent and appellant on January 6, 1971, under which respondent agreed to perform certain services and labor and provide materials in connection with a building project undertaken by appellant, as the prime contractor, for the Union County School Board. The subcontract called for grading, clearing, grubbing, stripping and stockpiling topsoil, spreading the topsoil, dressing with grader, handling the engineering and layout for site work, and installation of the storm drain system, for which respondent was to receive $32,000.00.

Subsequently respondent was paid $26,360.30, leaving an alleged balance under the above subcontract in the amount of $5,639.70. This action was brought to recover the above balance. Appellant filed an answer denying that it owed the respondent any additional amount, because of the failure of respondent to properly perform its obligations under the subcontract, and filed a counterclaim for the sum of $18,000-.00 as damages for such failure to perform. A reply was filed by respondent denying the allegations of the counterclaim.

Respondent thereafter filed a motion for summary judgment on the ground that there existed no genuine issue of fact between the parties and that respondent was entitled to such relief as a matter of law. The motion was based upon the pleadings, the depositions of Mr. Winegard, the owner of appellant, and Mr. Shannon, chairman of its board, and an affidavit of the president of respondent. The lower court granted the motion, from which this appeal is prosecuted.

Circuit Court Rule 44, governing the granting of summary judgment, provides in part:

"The judgment sought shall be rendered forthwith if the pleadings and depositions, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

It is the duty of the court, on a motion for summary judgment, not to try issues of fact, but only determine whether there are genuine issues of fact to be tried; and, once having found that a triable issue exists, must leave the issues for determination at trial. And, in determining whether triable issues of fact exist, all inferences from the facts shown by the record must be viewed in the light most favorable to the party opposing the motion. *Thevenot v. Commercial Travelers Mutual Accident Assn.,* 259 S. C. 235, 191 S. E. (2d) 251; *Spencer v. Miller,* 259 S. C. 453, 192 S. E. (2d) 863; *Gardner v. Campbell,* 257 S. C. 209, 184 S. E. (2d) 700.

The record shows that the controversy between the parties concerned the failure of respondent to place a layer of topsoil over the site of the construction and properly grade the area so that water would drain away from the building. While there appears some dispute concerning whether respondent was required under the subcontract to place the topsoil over the area, there is definite testimony that respondent was obligated to properly grade the area, that such was not done, and that such resulted in damages which the appellant, as prime contractor, had to pay the Union County School Board. There was, therefore, at least, a triable issue as to whether respondent properly performed its contract with reference to grading the area. This precluded the granting of summary judgment.

Judgment is accordingly reversed and the case remanded for trial.

Moss, C. J., and BUSSEY, LITTLEJOHN and NESS, JJ., concur.