## 20648

Earle R. BERRY, Respondent, v. GOODYEAR TIRE AND RUBBER COMPANY, Appellant.

(242 S. E. (2d) 551)

*J. Steve Warren* of *Thompson, Mann and Hutson,* Greenville, *for Appellant,*

*Larry H. Cooke,* of Greenville, *for Respondent,*

March 20, 1978.

NESS, Justice:

This is an action by respondent Berry against his employer, appellant Goodyear Tire & Rubber Company, to recover money allegedly due him under Goodyear's "release" pay policy. Goodyear appeals from an order granting Berry's motion for a directed verdict. We reverse.

Respondent was employed in appellant's Greenville store as a commercial salesman for nineteen years, and on January 5, 1976, he was given a leave of absence, with full compensation, because of health problems. Pursuant to Goodyear's sick leave policy, it requested a statement from Berry's doctor on March 1, 1976, relating to his physical condition and ability to return to work. Although Berry agreed to furnish such a statement to Goodyear, he never did.

Being unable to secure any medical information on Berry, appellant notified him by letter that Goodyear would consider him to have voluntarily resigned if he did not sign and return an enclosed form authorizing his doctor to release the medical information. Respondent never returned the medical release form or a doctor's statement. His employment was terminated on April 5, 1976.

Goodyear's "release" pay policy provides for lump sum payments to be made to permanent employees when they are laid off or released. Pursuant to the payment schedule, respondent is entitled to nineteen weeks of compensation if he qualifies within the terms of the policy.

Appellant Goodyear asserts that Berry resigned. Respondent, conversely, argues he did not resign, and that his exit

was either a release, a discharge or a termination by Goodyear.

We decline to comment on the nature of Berry's exit from Goodyear. Classification is irrelevant in view of our determination that Berry was disloyal to his employer, for even if he was discharged, it was with good cause.

The record discloses Berry's breach of loyalty to Goodyear. Respondent testified that while on sick leave, he spent time at B & B Tire Company, a subsidiary but nonetheless a competitor of Goodyear. He admitted to being at B & B a dozen or more times a week, placing and taking orders. Berry's home phone was connected so that when it rang, the phone also rang at B & B Tire. Respondent admittedly called on and sold to customers of B & B Tire, and traveled to Atlanta to check on a source of tires for B & B that would be cheaper than Goodyear. All of this transpired while respondent was a Goodyear employee, and was inconsistent with his employment relationship. It clearly constituted an abandonment by him of his employment contract. See 56 C. J. S. Master and Servant § 40; *Thompson v. Old New York, Inc.,* 255 N. C. 321, 121 S. E. (2d) 554 (1961).

It is implicit in any contract for employment that the employee shall remain faithful to the employer's interest throughout the term of employment. An employee has a duty of fidelity to his employer. *Lowndes Products, Inc. v. Brower, et al.,* 259 S. C. 322, 191 S. E. (2d) 761 (1972). Where an employee acts adversely to the interest of his employer, he is disloyal and his discharge is justified. *In Re Burris,* 263 N. C. 793, 140 S. E. (2d) 408 (1965) ; *Perfection Mattress & Spring Company v. DePree,* 216 Ala. 303, 113 So. 74; 56 C. J. S. Master and Servant § 42, p. 430.

As stated in 53 Am. Jur. (2d), Master and Servant, § 57, p. 131:

"[W]here an employee engages in a business which necessarily renders him a competitor and rival of his employer,

no matter how much or how little time and attention he may devote to it, he is deemed to have an interest which conflicts with his duty to his employer, and for this cause may be dismissed."

We conclude that respondent's admitted breach of ■■ duty to Goodyear disqualified him from any right he may have had to "release pay" compensation. See *Freeman v. King Pontiac Company,* 236 S. C. 335, 114 S. E. (2d) 478 (1960) ; 56 C. J. S. Master and Servant § 87, p. 516. Ordinarily, the question of whether there has been a good and sufficient cause for the discharge of an employee is a jury issue. *Freeman v. King Pontiac Company, supra.* Here, however, a question of law is presented since the facts concerning Berry's breach of loyalty to Goodyear are undisputed.

Accordingly, we reverse and remand for entry of judgment in Goodyear's favor pursuant to Rule 27 of the Rules of Practice of this Court.

Reversed and Remanded.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.