22352

J. C. MEREDITH, JR., Appellant, v. MT. PLEASANT BOAT
BUILDING CO., INC., Respondent.

(333 S. E. (2d) 565)

Supreme Court

*J. Kevin Holmes,* of *Steinberg, Levkoff, Spitz & Goldberg,*
Charleston, *for appellant.*

*George E. Campsen, Jr.,* Charleston, *for respondent.*

Heard March 13, 1985.

Decided July 15, 1985.

*Per Curiam:*

In this breach of employment contract case, appellant
employee sued his former employer, respondent boat com-
pany, to recover termination benefits he alleged were uncon-
ditionally due upon his dismissal. A non-jury trial resulted
in judgment for the employer. We affirm.

The boat company had been in existence for seventy years
and was financially strong and profitable when appellant
was hired as its general manager. Under appellant's man-
agement, the business deteriorated to near bankruptcy re-
sulting in appellant's dismissal.

The employer refused appellant's request for dismissal benefits because he had been terminated for cause.

The trial judge, without a jury, held appellant had breached the contract by mismanaging the company and no termination benefits were due him under the contract.

In an action at law tried non-jury, the trial judge's findings of fact will not be disturbed by us if there is any evidence to reasonably support his findings. *Townes Associates, Ltd. v. The City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976).

We hold the evidence supports the finding appellant breached the contract by mismanagement causing great loss to the company. Since an employee terminated for cause is not entitled to dismissal pay, *Berry v. Goodyear Tire & Rubber Company*, 270 S. C. 489, 242 S. E. (2d) 551 (1978), we hold judgment was properly entered for the employer.

Affirmed.