### 22354

Marshall YOUNG, Respondent, v. Kenneth L. McKELVEY and A. Byrnes Bryant, Jr., as Co-Executors of the Estate of B. C. Inabinet, Jr., deceased, individually and d/b/a The Beach House Golf and Racquet Club, and B.C.I., Inc., Appellants.

(333 S. E. (2d) 566)

Supreme Court

*T. English McCutchen, III*, and *John R. Holland* of *Whaley, McCutchen, Blanton & Rhodes*, Columbia, and *Kenneth J. Hagreen*, Myrtle Beach, *for appellants.*

*David R. Gravely* and *Judith L. Johnson*, of *Bellamy, Ruthenberg, Copeland, Epps, Gravely & Bowers*, Myrtle Beach, *for respondent.*

Heard June 4, 1985.

Decided July 22, 1985.

LITTLEJOHN, Chief Justice:

The plaintiff-respondent, Marshall Young, instituted this breach of contract action against his former employer B. C. Inabinet, Jr., d/b/a The Beach House Golf and Racquet Club and B.C.I., Inc.,[1] the defendants-appellants, for the failure to pay amounts allegedly due under the terms of an employment contract. After the taking of B. C. Inabinet, Jr.'s deposition, employee moved for summary judgment under our Circuit Court Rule 44 asserting no material issue of fact existed. The trial judge agreed and ordered summary judgment in favor of the employee. The employer contends that summary judgment was improperly granted because genuine issues of material fact existed such that the case should have been submitted to a jury. We agree.

---

[1] Appellants Kenneth L. McKelvey and A. Byrnes Bryant, Jr., co-executors of the estate of B. C. Inabinet, Jr., were substituted as parties in place of Inabinet now deceased.

The employee was hired as Vice-President of Sales for Beach House. The written brief employment contract was drafted in letter form and provided that employee was to receive a weekly draw of $500 plus 2% of real estate sales until that sum equalled a 2½ % commission on a consistent basis. Thereafter, he was to receive only the 2½ % commission. The method of compensation and insurance benefits were specified in the contract but it was silent as to other requirements of his employment.

On July 2, 1982, a written addendum to the employment contract was executed. It provided that the employment contract could be "... cancelled upon a written, 60 day notification to the other party." The addendum further provided in the event of cancellation "... by either party, all sales commissions, draws and/or overrides that are due and payable to [employee] will be paid on the next regularly scheduled pay period following the closing and booking of said sale."

Employee began work on July 2, 1982, and was fired on July 21, 1982. He claims his employer breached the terms of the contract by failing to give him the 60-day notice as provided in the addendum. The employer admitted the existence of the contract, but alleged employee had breached the agreement by openly engaging in an unbecoming romantic relationship with one of his subordinate female employees. The employer alleged that employee continued this course of conduct despite repeated warnings that it was against company policy and would be cause for termination. Employer submits that the termination was for cause.

It is the duty of the court, on a motion for summary judgment, to determine whether there are genuine issues of fact to be tried, and if there are, the judge must leave those issues for determination by the jury. *Eagle Construction Co. v. Richland Construction Co., Inc.*, 264 S. C. 71, 212 S. E. (2d) 580 (1975). All inferences from the evidence presented must be viewed in the light most favorable to the non-moving party. For the purpose of this appeal, we must accept as true the assertions that employee wilfully disobeyed his employer's express instruction to not date the female employees. The trial judge did not give proper consideration to the material issue of whether the employee was discharged for cause based upon his conduct.

The nature of an employment contract is such that the employee promises, either expressly or by implication that he or she will perform the work in a diligent and reasonably skillful manner. An employee has a duty to abide by his employer's instructions and policies and owes a duty of loyalty to his employer to carry out those instructions and policies. *See, Berry v. Goodyear,* 270 S. C. 489, 242 S. E. (2d) 551 (1978), wherein we said:

> It is implicit in any contract for employment that the employee shall remain faithful to the employer's interest throughout the terms of employment. An employee has a duty of fidelity to his employer. *Lowndes Products, Inc. v. Brower, et al.,* 259 S. C. 322, 191 S. E. (2d) 761 (1972). Where an employee acts adversely to the interest of the employer, he is disloyal and his discharge is justified. *In Re Buris,* 263 N. C. 793, 140 S. E. (2d) 408 (1965); *Perfection Mattress & Spring Company v. De-Pree,* 216 Ala. 303, 113 So. 74; 56 C.J.S. Master and Servant § 42, p. 430.

In his deposition, the employer described the relationship between the employee and another female employee as a ". . . flagrant torrid romance with this nice lady." The details enumerated make the "discharged-for-cause" issue one for the jury.

There is certainly nothing in the agreements which attempted to protect the employee against discharge for cause. In the order of the trial judge, he asserted:

> It is well established in South Carolina that parole evidence is inadmissible to vary or contradict the terms of an agreement reduced to writing. *Gantt v. VanderHoek,* 251 S. C. 307, 162 S. E. (2d) 267 (1968). The rationale for this rule is that a written agreement between two persons merges all prior talks and negotiations about the subject of the agreement; and therefore, it is not proper to receive testimony to vary or contradict the terms of the agreement.

The rule stated is correct but not applicable here. As indicated above from the *Berry* case, certain matters are impliedly a part of every contract. Under the facts of this case, we think there was a jury issue as to whether there

was or was not discharge for cause.

The Maryland case of *Chai Management, Inc. v. Lubowitz,* 50 Md. App. 504, 439 A. (2d) 34 (1982) is quite similar to the instant case. In *Chai,* an employee sued his employer alleging that he was entitled to written 60-day notice of termination and to wages for the 60-day notice period. The trial court there granted a directed verdict in favor of the employee. The Court of Special Appeals of Maryland ruled that when an employee is fired for cause upon a material breach of contract, the employer cannot be required to pay him for the notice period designated by the employment contract. We quote from that case:

> An employment contract may be either for a stated term or at will. When the contract is at will, it may be terminated by either party at any time. However, when the contract is for a stated term, it may only be terminated before the end of the term by just cause. In the case at bar, the contract requires 60 days notice before termination, i.e., the employee has a continual right to employment until 60 days after the employer gives notice. Therefore, the right of an employee to be retained under the contract here is virtually indistinguishable from that under a contract for a definite term. The only difference is that the contract at issue here does not have a definite termination date. The contract is continually in force until 60 days after the giving of notice. The employee may not be discharged before the notice period has run, *unless just cause for termination exists.* If such cause exists, the employee may be terminated before the notice period has run. [Citations omitted and emphasis added.]

439 A. (2d) 34, at 39.

In reviewing a motion for summary judgment, we must accept as true the assertions of the employer. Therefore, we hold that the evidence presented created a question of fact whether there was a material breach of contract which would justify dismissal of the employee. The trial judge should have denied employee's motion for summary judgment and allowed the jury to determine whether the employee had breached the contract.

Reversed and remanded.

GREGORY, HARWELL and CHANDLER, J. J., concur.

NESS, J., concurring in separate opinion.

NESS, Justice (concurring):

I concur with the majority with one additional observation. In all employment contracts, the employee has an obligation to obey all reasonable rules, orders and instructions of his employer. As a general rule, willful disobedience will justify a recission of the employment contract and peremptory dismissal of the employee. *Freeman v. King Pontiac Company*, 236 S. C. 335, 114 S. E. (2d) 478 (1960).

The complaint alleged that appellants breached the employment contract by terminating respondent without sixty days notice. Appellants countered that there was no breach because respondent was terminated for cause. This was supported by the deposition of Mr. Inabinet. Thus, the dispute created an issue of fact for the jury and summary judgment was inappropriate. *Bell v. Dixie Furniture Company, Inc.*, _____ S. C. _____, 329 S. E. (2d) 431 (1985).