22636

Heiner J. SCHUERMANN, Respondent v. AMERICAN KA-RO CORPORATION, KA-RO Werke K.H. Rost KG, and Karl H. Rost, Appellants.

(351 S. E. (2d) 339)

Supreme Court

O. G. *Calhoun, Jesse C. Belcher, Jr.,* of *Haynsworth, Perry, Bryant, Marion and Johnstone,* and *L. Gray Geddie,* of *Ogletree, Deakins, Nash, Smoak & Stewart,* Greenville, *for appellants.*

*James H. Watson* and *Kenneth E. Young,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for respondent.*

Heard Oct. 22, 1986.

Decided Dec. 8, 1986.

LITTLEJOHN, Acting Associate Justice:

Respondent Schuermann commenced this action against appellant American Ka-Ro Corporation (Ka-Ro) to recover damages for wrongful termination of his employment contract. The trial judge granted Schuermann's motion for summary judgment and awarded him nearly $200,000 for damages under the contract and for payment pursuant to a non-competition clause. We reverse.

Schuermann became an executive vice-president of Ka-Ro upon his transfer from Germany to the United States in 1978. It is undisputed that in 1984 Schuermann had an adulterous affair with the wife of another Ka-Ro employee whereupon his employment was terminated. The trial judge found that as a matter of law there was no just cause for termination of the employment contract under these circumstances.

The record indicates, however, the existence of a factual dispute not addressed by the trial judge. Appellant Rost, Ka-Ro's president, stated that he gave Schuermann a warning in 1970 regarding "affairs inside the company" after an incident between Schuermann and a female office clerk. Schuermann admitted he had had affairs with female em-

ployees but denied that Rost had expressed any objection.

Viewing the evidence in the light most favorable to appellants, we find this factual dispute material to the issue of just cause based on Schuermann's alleged disobedience and disloyalty to his employer. *See Young v. McKelvey*, 286 S. C. 119, 333 S. E. (2d) 566 (1985); *Berry v. Goodyear Tire and Rubber Co.*, 270 S. C. 489, 242 S. E. (2d) 551 (1978); *Freeman v. King Pontiac Co.*, 236 S. C. 335, 114 S. E. (2d) 478 (1960). Summary judgment was therefore inappropriate.

Respondent Schuermann argues that under the employment contract he is entitled to all damages awarded except six month's severance pay even if just cause did exist for his termination. The trial judge did not address the issue of what amounts were recoverable under the contract upon termination for cause. Amounts due under the contract, if any, and enforceability of the non-competition clause, therefore, must be resolved at trial.

Accordingly, the judgment of the lower court is reversed and the case is remanded for trial.

Reversed and remanded.

NESS, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.

GREGORY, J., not participating.