22858

Heiner J. SCHUERMANN, Appellant v. AMERICAN KA-RO COR-PORATION, KA-RO Werke K. H. Rost KG, and Karl H. Rost, Respondents.

(367 S. E. (2d) 159)

Supreme Court

*James H. Watson* and *Kenneth E. Young, Leatherwood, Walker, Todd & Mann*, Greenville, *for appellant.*

*L. Gray Geddie* and *Phillip A. Kilgore*, of *Ogletree, Deakins, Nash, Smoak & Stewart*, Greenville, *for respondents.*

Heard Feb. 3, 1988.

Decided April 4, 1988.

NESS, Chief Justice:

This is a contract interpretation case. Appellant (Employee) contends the trial court erred in denying him severance benefits under his employment contract with respondent (Company). We affirm as modified.

Employee seeks to recover under three sections of the contract: (1) section 2, which entitles Employee to a year end bonus equal to one month's salary; (2) section 6, which requires each party to give six months' notice of termination; and (3) section 7, a non-competition clause which provides that Company will pay Employee 75% of his monthly salary for two years after termination in exchange for Employee's promise not to compete.

Employee concedes that he was terminated for cause and acknowledges the general rule that an employee's termination for cause extinguishes his right to receive any benefits under his employment contract. *Meredith v. Mt. Pleasant Boat Bldg. Co.*, 286 S. C. 115, 333 S. E. (2d) 565 (1985); *Free-*

*man v. King Pontiac Co.,* 236 S. C. 335, 114 S. E. (2d) 478 (1960). He contends, however, that the parties intended to change that rule in this contract. He argues that since section 8 of the contract provides that Employee will receive certain benefits *unless* he is fired for cause, the failure of the contract to condition benefits under sections 2, 6, and 7 on "no-fault" termination demonstrates the parties' intent to give Employee these benefits even if he is terminated for cause.

We agree that use of the term just cause in section 8 rendered the parties' intent ambiguous. Ordinarily, intent is a jury question. *Westminster Co. v. Wingo,* 286 S. C. 244, 332 S. E. (2d) 570 (Ct. App. 1985). Here the parties tried the question to the judge by consent. His finding will be upheld if supported by any competent evidence in the record. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976).

The judge found Employee failed to prove the parties intended to change the general rule in their contract. The record overwhelmingly supports this finding, especially since Employee's only evidence was the language of the contract itself. *Townes, supra.* Employee was properly denied benefits under sections 2, 6, and 7. *Young v. Mc-Kelvey,* 286 S. C. 119, 333 S. E. (2d) 566 (1985); *Freeman v. King Pontiac Co., supra.*

Alternatively, Employee argues that he is entitled to benefits under section 7 regardless whether cause existed for his termination because it is severable from the rest of the contract. Employee breached the duty of loyalty he owed Company. *Berry v. Goodyear Tire and Rubber Co.,* 270 S. C. 489, 242 S. E. (2d) 551 (1978). This breach is sufficient to warrant recission of the contract, including the non-competition clause. *See Smith v. First Provident Co.,* 245 S. C. 509, 141 S. E. (2d) 646 (1965). We therefore hold that when an employee is terminated or cause the employer may, at his option, abandon a non-competition clause. The trial court properly denied Employee two years' worth of benefits under section 7 of the contract.

Approximately three weeks after Employee was terminated, Company informed him that he was free to take any job because it did not intend to enforce the

clause. We hold Employee is entitled to recover those benefits for the period between his termination and his receipt of notice that Company intended to abandon the non-competition clause. The matter is remanded for a determination of this amount. Accordingly, the appealed order is

Affirmed as modified and remanded.

GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.