21651

Joanne R. KOREN, as Executrix of the Estate of Alfred F. Koren, Appellant, v. NATIONAL HOME LIFE ASSURANCE COMPANY, Respondent.

(288 S. E. (2d) 392)

*William J. Dean and J. Michael Jordan, of Burns, McDonald, Bradford, Erwin & Patrick,* Greenwood, *for appellant.*

*Robert J. Sheheen, of Savage, Royall, Kinard, Sheheen & Byars,* Camden, *for respondent.*

February 25, 1982.

LITTLEJOHN, Justice:

Joanne R. Koren (claimant) appeals from an order of summary judgment denying her claim for insurance benefits against defendant National Home Life Assurance Company (Insurance Company).

Following the death of her husband in July, 1978, claimant (executrix of deceased husband's estate) filed a complaint for $15,000 accidental death benefits. Insurance Company answered alleging that deceased's insurance policy did not include coverage for death caused by accident. Claimant argues that Insurance Company should be estopped from denying coverage based upon its prior representation to the contrary (i.e. that the doctrine of *equitable estoppel* should apply).

A brief review of the facts is necessary. In July, 1971, husband purchased basic hospital insurance (base policy) from Insurance Company and paid $5.90/month premium until December, 1972. In December, he added to his base policy, coverage for death caused by accidental bodily injury, for which his total premium was increased to $9.50/month. Claimant-wife generally attended to the family's bookkeeping duties, although both she and her husband paid the monthly premiums.

In May, 1973, Claimant mailed to Insurance Company the $9.50/month premium notice. The "$9.50" was crossed out and replaced by "$5.90" and the following notation was handwritten at the bottom:

Please cancel the other policy we had—we just want our Reg. Hospitalization we had for $5.90. Which we had from the Beginning—

> Thank you
> [sig]
> Mrs. Koren

Widow and husband added various forms of insurance coverage (riders) to their base plan during the following years. The monthly premium notice specified only the total premium due for the base plan and additional riders; it did

not reflect which riders were effective or what proportion of the total premium was being applied to each rider.

On March 4, 1976, Insurance Company mailed to deceased a letter which reads in pertinent part as follows:

Dear Mr. Koren:

Thank you for your letter.

Your hospital insurance policy [policy no.] pays the following basic benefits . . .

*You have added Accidental Death and Dismemberment benefits to your policy. If an accidental injury results in the death or dismemberment of anyone on your policy we will pay benefits as listed in the 'Principal Sum' Section of this rider.* (Copy enclosed.)

It has been my pleasure to help you.

Enclosed with the letter was an "Accidental Death and Dismemberment Rider" showing the table of benefits provided under the rider.

Insurance Company argues that the letter was a clerical mistake and that no additional premium was ever paid by the Korens after the letter was sent.

Claimant testified in her deposition that she routinely paid the amount specified on the Insurance Company premium notice, and that the amount did, in fact, increase after receipt of the above letter.

The letter from the Insurance Company might be more intelligently interpreted if we had the benefit of Mr. Koren's letter to which it responded. Unfortunately the Insurance Company could not find Mr. Koren's letter in its records and the Claimant-wife was unable to testify as to its contents.

Based upon these summarized facts, both parties moved for summary judgment; the motion was granted to Insurance Company.

Where there is no genuine dispute as to either the material facts or the reasonable inferences deductible therefrom, then the trial judge may put an end to the

litigation prior to trial by granting motion for summary judgment as authorized under Circuit Court Rule 44. In making his determination, he must view the evidence then before him in the light most favorable to the non-moving party. Thus, in granting Insurance Company's motion for summary judgment, the trial judge effectively ruled that even if the evidence and reasonable inferences therefrom were considered most favorably to claimant, she still could not legally recover under the doctrine of equitable estoppel.

The doctrine of equitable estoppel was recently addressed by this Court, wherein we said:

The essence of equitable estoppel is that the party entitled to invoke the principle was misled to his injury. The essential elements are (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped, and (3) action based thereon of such a character as to change his position prejudicially. [citation omitted] *S. C. Public Service Authority v. Ocean Forest, Inc.,* 275 S. C. 552, 273 S. E. (2d) 773 (1981).

This doctrine has been applied to insurance cases wherein the insured seeks to estop his insurer from denying coverage. *Crescent Co. of Spartanburg, Inc. v. Insurance Company of North America,* 266 S. C. 598, 225 S. E. (2d) 656 (1976); *Pitts v. New York Life Insurance Company,* 247 S. C. 545, 148 S. E. (2d) 369 (1966); *Ellis v. Metropolitan Casualty Insurance Company of New York,* 187 S. C. 162, 197 S. E. 510 (1938).

Viewing the testimony, exhibits, and affidavit in favor of claimant, as we must on this motion, we think that summary judgment was improperly granted. Claimant produced (1) the letter from Insurance Company, (2) her testimony that she paid an increased premium thereafter, and (3) testimony that had she known the Insurance Company's position, she would likely have paid an additional premium to procure accidental death coverage. This evidence would be sufficient to create a jury issue as to her cause of action based on equitable estoppel.

The Insurance Company asserts that the premium notices and payments remained the same before and after the letter from Insurance Company. This is an issue the jury may decide.

It is readily apparent that genuine issues of material facts do exist. For that reason, motion for summary judgment by both parties should have been denied.

Accordingly, the order of the Circuit Court is reversed and the case is remanded for further proceeding.

Reversed and remanded.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.