0021

Ben L. BAKER and Pearl H. Baker, Respondents, v. TOWN OF SULLIVAN'S ISLAND, Appellant.

(310 S. E. (2d) 433)

Court of Appeals

---

*Lawrence A. Dodds, Jr.,* Mount Pleasant, *for appellant.*

*Mark C. Tanenbaum,* Charleston, *for respondents.*

December 12, 1983.

GARDNER, Judge:

This appeal involves the zoning ordinances of the Town of Sullivan's Island. Respondents, Ben L. Baker and Pearl H. Baker, instituted this action to compel the Town of Sullivan's Island, the Appellant, to approve the conversion of an apartment building to a condominium building under the Horizontal Property Act. § 27-31-10 *et seq.* of the 1976 Code, as amended. The proposed conversion involves no alteration in the structure of the existing building.

Summary Judgment was entered by the trial court for the Bakers; the Town appealed. We affirm.

The Bakers moved for Summary Judgment requesting judgment as a matter of law. Both parties submitted affidavits. On August 14, 1980, a hearing was held and the trial court continued the hearing until all desired depositions were taken. A second hearing was held on December 22, 1980, and on December 29, 1980 the court issued its order granting Summary Judgment for the Bakers.

The appealed order recites that the court had before it all testimony that would have been submitted to the court at a trial. The Town appeals this holding, asserting that additional testimony would have been submitted upon trial. We hold this ruling to be harmless error. Since the Town concedes the parties presented all the evidence they desired to present in support of or opposition to the Motion for Summary Judgment, it is irrelevant that additional evidence might be presented at trial. An error not shown to be prejudicial does not constitute grounds for reversal. *JKT Co., Inc. v. Hardwick*, 274 S. C. 413, 265 S. E. (2d) 510 (1980).

Summary Judgment is appropriate when there are no genuine issues of fact to be tried. *Sumter Dairies, Inc. v. Pelfrey*, 268 S. C. 437, 234 S. E. (2d) 490 (1977); *Koren v. National Home Life Assurance Company*, 277 S. C. 404, 288 S. E. (2d) 392 (1982). The dispositive question is whether the evidence offered at the summary judgement stage, when taken in a light most favorable to the Town, gives rise to any genuine issue of material fact. The potential issue of fact here is whether the changes proposed by the Bakers would result in a change in the use of the property.

In 1972, the Bakers built a twenty (20) unit apartment building on their lot, and the subject building has been used as such since then. In 1977, the Town adopted zoning ordinances which did not allow multi-family dwellings as a permitted use of the subject property. However the ordinances provided that the lawful use of the land existing at the time of the adoption of ordinances may continue as a non-conforming use; it was further provided that in such event, the owner must obtain a *Certificate of Occupancy* and the failure to do so constitutes presumptive evidence that the use was conforming.

The Town argues that because of the Bakers' failure to obtain a *Certificate of Occupancy*, the use of the subject property is conforming. This argument, is, on it's face, untenable. A mere presumption cannot overcome the fact that a multi-family use of the property existed before the adoption of the zoning ordinances. The subject building exists as a legal non-conforming use under the zoning ordinances and we so hold.

The Town next argues that the proposed conversion would create twenty (20) separate lots. This is untenable; the Horizontal Property Act provides that the ownership of the land upon which is built a condominium is held as co-tenants by the owners, but not subject to partition.

The Town further contends that the ordinances forbid the change from one non-conforming use to another non-conforming use. This argument presents the major issue for decision in this case. Is the proposed conversion of the subject property from an apartment building to condominiums a change of use or is it a change of ownership?

The trial judge in a lengthy opinion held that the proposed conversion was a change in ownership over which the Town holds no control. We agree.

The general rule is that the conversion of apartments to condominiums is a change of ownership rather than a change in use. *Bridge Park v. Highland Park*, 113 N. J. Super. 219, 273 A. (2d) 397 (1971); *Wentworth Hotel, Inc. v. Town of New Castle*, 112 N. H. 21, 287 A. (2d) 615 (1972); *Graham Court Associates v. The Town Council of Chapel Hill*, 53 N. C. App. 543, 281 S. E. (2d) 418 (1981). *CHR General Inc. v. City of*

*Newton,* 387 Mass. 351, 439 N. E. (2d) 788 (1982). *See also* 15A Am Jur (2d) Condominiums § 23 at page 852, 853.

The Town suggests condominiums would be more prone to daily and weekly rentals than the existing apartments. Assuming the interfences from the evidence presented at summary judgement support this conclusion, there still would be no change in use. The Town admits the present tenants can sublet their apartments on a weekly or daily basis without interference from the Town. Counsel for the Town also acknowledged that many houses on the island are rented on a short term basis. A conversion to condominiums would not change this aspect of the property's use. After conversion, the property would still be used for residential purposes as it was before. The owners of the units would have the same ability to lease on a short term basis that the present tenants do.

Our Supreme Court has not dealt directly with the issue before us. Appellant urges that *Hoffman v. Cohen,* 262 S. C. 71, 202 S. E. (2d) 363 (1974) is applicable. We think not. The situation in *Hoffman* involved the erection of a condominium project with recreational facilities in a neighborhood developed for single family residential use. *Hoffman* involves the law of restrictive covenants. It is quite different from the case and situation at hand. This case involves zoning ordinances in relation to an existing apartment building and the question of its conversion to condominiums. We note again that the plans submitted by Bakers do not contain any structural changes in the subject building.

We hold that, under the facts of this case, the conversion from an apartment building to condominiums constitutes a change of ownership, rather than a change in use. Therefore, we affirm the decision of the trial judge that the proposed conversion is not in violation of the Zoning Ordinances of the Town of Sullivan's Island.

Lastly the Town argues that the plans submitted provided for four model units, some of which might be used as office space and that this violates the ordinance in that these units would have a commercial use. We conclude, as did the trial judge, that these units were so designed for the purpose of selling the condominiums and would eventually themselves be sold as condominiums. The relief granted by

586

the appealed order is, under the circumstances, proper and we so hold.

Affirmed.

SANDERS, C. J., and BELL, J., concur.