22292

Ada BELL, Appellant, v. DIXIE
FURNITURE COMPANY, INC., Respondent.

(329 S. E. (2d) 431)

Supreme Court

---

[4] Appellant's exception to the exclusion of testimony is mooted by our opinion.

*Veronica G. Small,* Charleston, *for appellant.*

*Elliott T. Halio* of *Halio & Holmes,* Charleston, *for respondent.*

Heard Feb. 20, 1985.

Decided April 22, 1985.

NESS, Justice:

Appellant Ada Bell brought suit against respondent Dixie Furniture Company, Inc. alleging the tort of outrage. The trial judge ruled the conduct complained of was not so outrageous and shocking to be actionable and granted summary judgment for respondent. We reverse.

Appellant bought furniture on an installment account from respondent promising to pay $15.23 per month. When her payments became delinquent, respondent initiated a claim and delivery action to recover the balance due, $42.59, and $25.00 court costs.

Respondent did not appear at the hearing. The magistrate ordered appellant to pay respondent $42.59 but not the $25.00 court costs. When appellant tendered the $42.59, Dixie's manager refused it insisting she also owed $25.00 court costs.

The outrageous conduct, found in appellant's deposition, is as follows:

> "Well, when I offered to pay him this money and I said — and he said he was not going to take it, so when he said he was not going to take it, he point his hand at me and he say 'look, I have so much trouble with you, and I don't know why you are giving me so much trouble, and I don't like it. I am gonna take you back to court and I am going to summons you back to court. I am not going to use this summons, I am gonna take out another one and you are going to give me my money,' and I said 'sir,' I said, 'this is what the judge tell me to give you.' He said 'damn the judge, I want my money, which is twenty-five dollars more.' And, when he said 'damn the judge,' I said 'well. . . .' When he said 'damn the judge,' he run to the phone and he pick up the phone and he said 'I'm gonna call the judge and see if I can put you

back in court because you are gonna give me my money.' And, I said 'look, I am giving you what the judge tell me to give you.' He said 'damn the judge' and then he runs to the phone and then when he ran to the phone, I got to the place where I got so dizzy, because I was aggravated at the time. I take the money to him and when I tell him the judge told me and he said he was not going to take it, I was very upset."

Appellant argues the trial judge erred in granting summary judgment because an issue of fact existed as to whether the conduct was outrageous. We agree.

In ruling on a motion for summary judgment, the evidence viewed in a light most favorable to the non-moving party must present no genuine issue of fact. *Koren v. National Home Life Assurance Company*, 277 S. C. 404, 288 S. E. (2d) 392 (1982); *Baker v. Town of Sullivan's Island*, 279 S. C. 581, 310 S. E. (2d) 433 (S. C. App. 1983).

One of the elements of the tort of outrage is conduct which is so extreme and outrageous as to exceed all possible bounds of decency; obnoxious conduct utterly intolerable in a civilized society. *Ford v. Hutson*, 276 S. C. 157, 276 S. E. (2d) 776 (1981).

We hold whether the conduct at issue was so outrageous as to be actionable was a question of fact for the jury and remand the case for trial.

Reversed.

HARWELL and CHANDLER, JJ., concur.

LITTLEJOHN, C. J., and GREGORY, J., dissenting.

LITTLEJOHN, Chief Justice, dissenting:

I respectfully dissent and would affirm the order of the Circuit Court. In determining whether a summary judgment should have been granted, all of the facts and circumstances should be taken into account. A review of the transcript of the record reveals that the reason the agent for the furniture company did not accept the $42.59 was that there was due in addition $25.00 court costs which had been advanced. To collect $42.59 from which must be deducted $25.00 was obviously an almost empty victory. There is no contention

that the plaintiff here offered the amount to which the furniture company was entitled.

There was before the Circuit Judge, and in turn before us, the deposition of the plaintiff, Ada Bell, as well as the deposition of the furniture store representative with whom the plaintiff dealt.

The account was patently a troublesome one. If the action of the furniture store's agent was less than commendable, it was inspired by the less than commendable conduct of plaintiff Bell.

While causes of action based on alleged intentional infliction of emotional distress are now well founded in our law by reason of *Ford, Supra,* (which I wrote), there is danger that the theory may be abused such that everyone who is disgruntled with another's conduct will be suing for $100,000 as in this case.

A petty squabble is simply not the kind of a conflict which commands the time and attention of the judge and a jury. In my view, there is no genuine issue of fact and I would affirm the order of the Circuit Judge.

GREGORY, J., concurs.