2196

James W. WRIGHT, Appellant v.
UNITED PARCEL SERVICE, INC., and Bill Thomas, Respondents.

(445 S.E. (2d) 657)

Court of Appeals

*Samuel L. Svalina* and *James B. Richardson, Jr.*, both of *Svalina, Richardson & Smith,* Columbia, *for appellant.*

*Susan P. McWilliams* and *Jennifer J. Aldrich,* both of *Nexsen, Pruet, Jacobs & Pollard,* Columbia, *for respondents.*

Heard June 8, 1994.

Decided June 20, 1994.

GOOLSBY, Judge:

James W. Wright brought this suit against United Parcel Service, Inc. (hereinafter UPS) and Bill Thomas alleging, among other causes of action, false arrest and malicious prosecution. UPS and Thomas moved pursuant to Rule 12(b)(6), SCRCP to dismiss Wright's complaint on the ground, among others, that all its causes of action were preempted by the Labor Management Relations (Taft-Hartley) Act § 301, 29 U.S.C. § 185 (1988) (hereinafter the LMRA). The circuit court dismissed Wright's complaint. Wright appeals. His appeal concerns only the dismissal of his causes of action for false arrest and malicious prosecution. We affirm in part and vacate in part.

In July 1990, Wright sustained an on-the-job injury and was unable to work until December 1990. When Wright attempted to return to work, Thomas, a UPS manager, told Wright he could not return to work because Wright lacked the appropriate medical clearance from UPS's company physician. Thereafter, Thomas asked Wright to leave UPS's premises. Wright, however, refused and demanded to see his local Teamsters Union representative.

Thomas warned Wright that if he refused to leave, Thomas would have him arrested. Nevertheless, Wright refused to leave UPS's premises.

A police officer summoned by UPS twice warned Wright he would arrest Wright for trespassing if he did not leave UPS's premises. When Wright refused to leave, the police officer arrested Wright and charged him with criminal trespass. A magistrate's court jury later acquitted Wright.

This suit followed.

## I.

Wright argues the circuit court erred in finding his causes of action for false arrest and malicious prosecution were pre-empted by the LMRA.

If a state-law cause of action does not exist independently of a labor contract, it is pre-empted by the LMRA. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 105 S. Ct. 1904, 85 L.Ed. (2d) 206 (1985); *Nash v. AT&T Nassau Metals*, 298 S.C. 428, 381 S.E. (2d) 206 (1989); *Butts v. AVX Corp.*, 292 S.C. 256, 355 S.E. (2d) 876 (Ct. App. 1987). "A state-law [cause of action] must be . . . dismissed as pre-empted by federal labor-contract law when resolution of the [cause of action] is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract." *Butts*, 292 S.C. at 261, 355 S.E. (2d) at 879 (citing *Allis-Chalmers*, 471 U.S. at 220, 105 S.Ct. at 1916, 85 L.Ed. (2d) at 221).

The circuit court held that Wright's causes of action were pre-empted by the LMRA because they clearly "would require reference to [a labor contract between the parties] to determine if [Wright] was lawfully on [UPS's] premises and could conduct Union business on [UPS's] premises under the circumstances."

We agree with the circuit court.

Although the entry by a person on the premises of another may initially be lawful, the person becomes a trespasser when the person fails to depart after being asked by the owner to leave. *Shramek v. Walker*, 152 S.C. 88, 149 S.E. 331 (1929); *cf.* S.C. Code Ann. § 16-11-620 (1985) (statute imposing criminal liability for one to remain on the premises of another, without legal cause or good excuse, after being asked to leave).

We know of no case, and Wright does not cite to us any, that would give Wright, simply by virtue of his status as an employee, a lawful right under South Carolina law to remain on his employer's premises after being told to leave. During oral argument before this court, Wright's counsel conceded any right that Wright had to remain on UPS's premises would have its origin in the labor contract. Because resolution of the question of whether Wright could lawfully remain on UPS's premises would be de-

pendent upon an analysis of the labor contract, we hold Wright's causes of action must be dismissed as pre-empted by federal labor-contract law. *Navarro v. Federal Paper Board Co.*, 185 A.D. (2d) 590, 586 N.Y.S. (2d) 381 (1992).

## II.

We vacate the circuit court's order to the extent that it holds Wright failed to state causes of action under South Carolina law for false arrest and malicious prosecution. Because federal labor-contract law pre-empted Wright's state-law causes of action, the circuit court had no jurisdiction to address their factual or legal sufficiency. *Butts*, 292 S.C. at 261-62, 355 S.E. (2d) at 879.

Affirmed in part and vacated in part.

CONNOR, J., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.