43 F.3d 1465
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Patrice Melanie ABBOTT, Plaintiff-Appellee,
v.
CONOCO, INCORPORATED, Defendant-Appellant.
 No. 94-1131.
 United States Court of Appeals, Fourth Circuit.
 Argued: September 27, 1994.
 Decided: December 19, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Greenville. G. Ross Anderson, Jr., District Judge. (CA-93-777-6-3)
 ARGUED: Mason Gardner Alexander, Jr., Ogletree, Deakins, Nash, Smoak & Stewart, Columbia, SC, for Appellant. Stephen John Henry, Taylor & Henry, Greenville, SC, for Appellee. ON BRIEF: Ingrid J. Blackwelder, Ogletree, Deakins, Nash, Smoak & Stewart, Columbia, SC, for Appellant.
 D.S.C.
 REVERSED AND VACATED.
 OPINION
 Before ERVIN, Chief Judge, WILLIAMS, Circuit Judge, and CHASANOW, United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 This action was removed to the United States District Court for the District of South Carolina under 28 U.S.C. Sec. 1441(a) on the basis of diversity of citizenship. Patrice Abbott sought relief for a claim of intentional infliction of emotional distress. The district court denied Conoco, Inc.'s motion for summary judgment, and the case proceeded to trial. The jury awarded Abbott $100,000 for actual damages and $100,000 in punitive damages. Conoco appeals from the district court order denying its motion for judgment as a matter of law. Appellate jurisdiction is proper under 28 U.S.C. Sec. 1291.
 
 
 2
 The only issue this court must decide is whether the district court erred in submitting the state law claim of intentional infliction of emotional distress to the jury. For the reasons stated below, we reverse the judgment in favor of the plaintiff.
 
 I.
 
 3
 Plaintiff, Patrice Abbott, was employed by defendant Conoco, Inc. at a gasoline station/convenience store. On November 22, 1991, Abbott successfully thwarted an attempted robbery by refusing to give the robber money, calling 911, and enabling the police to arrest the robber outside the store. One week after this event, Abbott was terminated by Conoco based solely on her violation of a company policy that prohibits employees from resisting a robber. Abbott sought relief, claiming that Conoco's decision to terminate her constituted intentional infliction of emotional distress.
 
 II.
 
 4
 We review de novo the denial of a motion for judgment as a matter of law, or in the alternative, for a new trial. White v. County of Newberry, South Carolina, 985 F.2d 168, 172-73 (4th Cir.1993). A court must grant a motion for judgment as a matter of law "if the plaintiff has failed to adduce substantial evidence in support of his claim." DeMaine v. Bank One, Akron, N.A., 904 F.2d 219, 220 (4th Cir.1990).
 
 
 5
 In a cause of action for intentional infliction of emotional distress, also known as the tort of outrage in South Carolina, the court must first determine whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery. If reasonable persons could differ on the issue, the question is one for the jury. Todd v. South Carolina Farm Bureau Mut. Ins. Co., 283 S.C. 155, 321 S.E.2d 602, 609 (Ct.App.1984), quashed, on other grounds, 287 S.C. 190, 336 S.E.2d 472 (1985). In further clarifying the standard, the court said: "There is a distinct difference, however, between determining whether conduct may reasonably be considered outrageous, a legal question, and whether conduct is in fact outrageous, a question for jury determination." Todd, 321 S.E.2d at 610.
 
 
 6
 In this case, then, the court must first determine whether Conoco's actions were so extreme and outrageous as to allow recovery. Butts v. AVX Corp., 292 S.C. 256, 355 S.E.2d 876 (Ct.App.1987). Traditionally, South Carolina has interpreted the tort of outrage very narrowly, limiting recovery to those rare cases of "obnoxious conduct utterly intolerable in a civilized society." See Bell v. Dixie Furniture Co., Inc., 285 S.C. 263, 329 S.E.2d 431, 433 (1985); Ford v. Hutson, 276 S.C. 157, 276 S.E.2d 776 (1981). The four elements of the tort were summarized most recently in Andrews v. Piedmont Air Lines, 297 S.C. 367, 377 S.E.2d 127, 129 (Ct.App.1989):(1) conduct by the defendant which is atrocious, utterly intolerable in a civilized community, and so extreme and outrageous as to exceed all possible bounds of decency; (2) the defendant acted with intent to inflict emotional distress or acted recklessly when it was certain or substantially certain such distress would result from his conduct; (3) the actions of the defendant caused the plaintiff to suffer emotional distress; and (4) the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.
 
 
 7
 The Restatement (Second) Of Torts Section 46, which was adopted by the Supreme Court of South Carolina in Ford v. Hutson, 276 S.C. 157, 276 S.E.2d 776, 778 (1981), suggests limiting the scope of the tort based on the following factors: (1) an emphasis on extreme, outrageous, atrocious, and utterly intolerable conduct; (2) abusive conduct by a defendant in actual or apparent authority over a plaintiff or with power to affect the plaintiff's interest; and (3) conduct by a defendant with knowledge that a plaintiff is peculiarly susceptible to emotional distress.
 
 
 8
 Additionally, the court in Todd focused on three common factors that are generally present when the tort has been found: (1) a preexisting legal relationship between the parties, including an employer-employee relationship; (2) conduct by the defendant involving excessive self-help in asserting a legal right or avoiding a legal obligation flowing out of the relationship or coercive and oppressive abuse of an employee by the employer; and (3) when the defendant calculatedly inflicted suffering or heedlessly and contemptuously disregarded the plaintiff's present emotional suffering either to force the plaintiff to accede to the defendant's wishes or to punish the plaintiff for prior failure to comply. 321 S.E.2d at 611.
 
 
 9
 Furthermore, some type of "reprehensible conduct" must be apparent, rather than mere "wounded feelings." Id. at 611. The court in Wright v. Sparrow, 298 S.C. 469, 381 S.E.2d 503, 506 (Ct.App.1989), emphasized the absence of "hostile or abusive encounters or coercive or oppressive abuse" with respect to the termination of an employment relationship. Wright's allegation of outrage was based on a series of events ultimately leading to her dismissal. Finding that the affidavit submitted by the employer reflected detailed reasons for the termination, the court affirmed the trial court's grant of summary judgment for the defendant. Id. Even in this court's most recent interpretation of outrage under South Carolina law in Barber v. Whirlpool Corporation, F.3d , 1994 U.S.App. LEXIS 23645 (4th Cir.1994), we held that although an employer's verbally abusive conduct to the plaintiff was "despicable," it did not rise to the level of extreme and outrageous.
 
 
 10
 In the context of employment termination, the court in Butts noted that "not all conduct involving personal interaction and causing emotional distress in a business setting ... may serve as a basis for an action alleging intentional infliction of emotional distress." 355 S.E.2d at 880. The court was particularly concerned with the absence of "excessive self-help in either asserting a legal right or avoiding a legal obligation that arose out of their pre-existing legal relationship." Id.
 
 
 11
 In the present case, the district judge found that "reasonable minds might differ as to whether Conoco's conduct in firing Ms. Abbott after she took great personal risk to safeguard their property and to catch a felon was outrageous and exceeded the bounds of decency." This, however, is not the appropriate standard. The judge must determine whether the alleged conduct meets the extremely high legal standard of outrage; that is, whether the stated allegations, if true, rise to the level of outrage. Todd, 321 S.E.2d at 610. Ms. Abbott's allegations simply do not meet this initial threshold.
 
 
 12
 Her termination as an at-will employee for violating company policy in resisting a robber, accompanied by no additional evidence of wrongful conduct, is not extreme or outrageous. She alleges no violent acts, no yelling, no loud voices, and no public humiliation during her termination. Abbott admits that her termination was conducted in a discrete, sensitive manner by her supervisor who was extremely reluctant to terminate her.
 
 
 13
 We, therefore, reverse the district court's denial of Conoco's motion for judgment as a matter of law and vacate the jury award.
 
 REVERSED AND VACATED