THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 

PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 John and Jane Doe, as Parents, Natural Guardians and Next Friends of Anonymous Child, Appellants,
 v.
 Cassius Rojas and Richland County School District #2, Respondents.
 
 
 

Appeal From Richland County
 James R. Barber, III, Circuit Court Judge
Unpublished Opinion No. 2007-UP-196
Submitted March 1, 2007  Filed April 26, 2007

AFFIRMED

 
 
 
 John E. Schmidt, III and Melissa J. Copeland, both of Columbia, for Appellants.
 James Shadd, III, Kathryn Long Mahoney, Thomas K. Barlow and Kenneth L. Childs, all of Columbia, for Respondents.
 
 
 

PER CURIAM:  In this tort action, John and Jane Doe[1] (the Does) appeal the trial courts grant of summary judgment to Richland County School District Two (the School District) on their claim for intentional infliction of emotional distress.  We affirm.[2]
FACTS
During the 2001-2002 school year, the School District employed Cassius Rojas as a teacher.  Rojas taught math and coached the girls basketball team at Ridge View High School (Ridge View).  The Does sixteen-year-old daughter, SD, was a basketball player at Ridge View.  
 
In April of 2002, Rojas called SD to the equipment room at Ridge View.  He asked her if she could keep a secret and then kissed her.  SD, uncertain of what to do, stepped back and then went to class.  Rojas also kissed her in the hall on one other occasion, and touched her inappropriately.  He continued to make passes at SD, and asked her if she was grown and when [would] she prove it.   
On August 20, 2002, Principal Sharon Buddin informed the girls basketball team that officers arrested Rojas for having a sexual relationship with another student, KK.  After the meeting, SD reported Rojas misconduct to school administrators.  Before this time, SD did not report Rojas to any school officials.  That day, the School District placed Rojas on administrative leave pending the outcome of an investigation.  Soon after, Rojas formally resigned from his teaching and coaching positions at Ridge View. 
 
Approximately one month earlier, on July 29, 2002, while at a coaches convention, Rojas confided to Coach Lynch, who was also employed at Ridge View, that he was having sex with KK, a junior at the school.  Lynch, believing Rojas confession to be the ramblings of a drunken man, did not inform school officials until August 20, after the School District had discovered Rojas misconduct. 
 
In 2000, prior to the Rojas incident, another coach at Ridge View was accused of having a sexually inappropriate relationship with a female student.  During the same year, an administrator at the school was reprimanded for touching students legs when demonstrating proper short lengths and for grabbing student IDs off students chests instead of asking the students to hand over their IDs.   
 
On August 5, 2004, the Does and SD filed suit against the School District.[3]  On June 20, 2005, the School District moved for summary judgment on the Does claims for intentional infliction of emotional distress and negligent supervision.   
After a hearing on January 10, 2006, the trial court found the Does failed to identify any conduct by the School District, so extreme and outrageous, that it exceeded all possible bounds of decency.  Accordingly, the trial court granted summary judgment to the School District on the intentional infliction of emotional distress claim.  However, the trial court denied the School Districts motion with respect to the Does negligent supervision claim.  This appeal followed.
STANDARD OF REVIEW
The purpose of summary judgment is to expedite disposition of cases which do not require the services of a fact finder.  George v. Fabri, 345 S.C. 440, 452, 548 S.E.2d 868, 874 (2001).  Both the trial court and appellate courts apply the same standard when reviewing a summary judgment motion pursuant to Rule 56(c), SCRCP:  summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fleming v. Rose, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002).  The evidence and all reasonable inferences therefrom must be viewed in the light most favorable to the non-moving party.  Id. at 494, 567 S.E.2d at 860.  
 
The party moving for summary judgment has the initial burden of showing an absence of evidentiary support for the opponents case, and the non-moving party must show more than the allegations or denials contained in the pleadings.  Peterson v. W. Am. Ins. Co., 336 S.C. 89, 94, 518 S.E.2d 608, 610 (Ct. App. 1999).  The non-moving party must come forward with specific facts showing a genuine issue for trial.  Regions Bank v. Schmauch, 354 S.C. 648, 660, 582 S.E.2d 432, 438 (Ct. App. 2003).
LAW/ANALYSIS
The Does allege the trial courts grant of summary judgment on their claim for intentional infliction of emotional distress was an error of law.  The Does maintain the trial court erred in finding the School Districts behavior was not extreme and outrageous.  We disagree.
South Carolina has long recognized that ones wilful, malicious conduct proximately causing anothers emotional distress may be actionable as intentional infliction of emotional distress or the tort of outrage.  Williams v. Lancaster Sch. Dist., 369 S.C. 293, 305, 631 S.E.2d 286, 293 (Ct. App. 2006) (quoting Ford v. Hutson, 276 S.C. 157, 161, 276 S.E.2d 776,  778 (1981)).  To establish a claim for intentional infliction of emotional distress or outrage, a party must show: 
 

 (1) the defendant intentionally or recklessly inflicted severe emotional distress or was certain or substantially certain that such distress would result from his conduct . . . ; (2) the conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious, and utterly intolerable in a civilized community . . . ; (3) the actions of the defendant caused the plaintiffs emotional distress; and (4) the emotional distress suffered by the plaintiff was severe so that no reasonable man could be expected to endure it.

Folkens v. Hunt, 290 S.C. 194, 203, 348 S.E.2d 839, 844 (Ct. App. 1986) (quoting Ford, 276 S.C. at 162, 276 S.E.2d at 778)).  
 
The determination of whether a defendants conduct may be reasonably regarded as so extreme and outrageous as to allow recovery is a question for the court to determine in the first instance.  Butts v. AVX Corp., 292 S.C. 256, 262-63, 355 S.E.2d 876, 880 (Ct. App. 1987); see Andrews v. Piedmont Air Lines, 297 S.C. 367, 371, 377 S.E.2d 127, 129 (Ct. App. 1989) (noting that question of whether a defendants conduct may be reasonably regarded as so extreme and outrageous as to permit recovery for intentional infliction of emotional distress is question for the trial court to determine).  After the initial showing is made that conduct is shown which may be reasonably regarded as extreme and outrageous, the matter should be submitted to the jury to determine whether the conduct complained of is, in fact, sufficiently extreme and outrageous to result in liability.  Fleming v. Rose, 338 S.C. 524, 537, 526 S.E.2d 732, 739 (Ct. App. 2000), revd on other grounds, 350 S.C. 488, 567 S.E.2d 857 (2002).  
 
With these considerations in mind, we turn to the case at hand.  To support their claim for intentional infliction of emotional distress, the Does contend they suffered severe emotion distress due to the School Districts failure to (1) provide appropriate sexual harassment training to staff, students, and parents; and (2) follow mandatory federal guidelines.  
 
On the outset, we observe the Does arguments are not preserved for review.  To preserve an issue for appellate review, the issue must have been raised to and ruled upon by the trial court.  See Staubes v. City of Folly Beach, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) (It is well-settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved for appellate review.).  
 
Although the Does allege in their memorandum in opposition to summary judgment that the School District failed to follow federal guidelines and failed to provide appropriate sexual harassment training to staff, these issues were argued as part of the Does claim for negligence.  The Does did not raise these arguments in either their memorandum or at the hearing with respect to their claim for intentional infliction of emotional distress.  The trial court, in summarily denying the School Districts motion for summary judgment as to the Does claim for negligence, presumably found the arguments persuasive on the issue of the School Districts negligence.  However, it is clear from the trial courts order that it did not consider these arguments with respect to the claim for intentional infliction of emotional distress.  The trial courts order only refers to the Does allegations that the School District failed to provide them with written reports and failed to prevent Rojas misconduct.  Thus, the trial court did not rule on the issues with regard to the claim for intentional infliction of emotional distress.  Additionally, the Does failed to make any Rule 59(e), SCRCP, motion.  Therefore, the issues are not preserved for our review on appeal.   See Washington v. Washington, 308 S.C. 549, 551, 419 S.E.2d 779, 781 (1992) (holding when an appellant neither raises an issue at trial nor through a Rule 59(e), SCRCP, motion to amend, the issue is not properly presented to an appellate court for review).  Accordingly, we decline to address the Does points of error on the above mention grounds.
The Does also contend the School Districts failure to act preemptively to prevent the harm which occurred constituted extreme and outrageous behavior.  Specifically, the Does point to the School Districts failure to follow school policies which they believe, if followed, would have prevented the abuse and the School Districts failure to make any changes following the two sexual harassment incidents that preceded the Rojas incident.  The Does also argue the School Districts actions after the Rojas incident occurred constituted extreme and outrageous behavior.  They allege that because the School District failed to act in a timely manner, upon Coach Lynchs knowledge of Rojas sexual harassment of KK, Rojas was able to further victimize SD.  They also argue the School District failed to appropriately discipline administrators for failing to prevent the abuse.  Additionally, they contend the School Distract failed to provide them with written follow-up reports in accordance with school policy.  The Does maintain these failures constituted extreme and outrageous behavior on the part of the School District for which they are entitled to recover.
South Carolina law limits claims of intentional infliction of emotional distress to egregious conduct toward a plaintiff proximately caused by the defendant.  See Upchurch v. N.Y. Times Co., 314 S.C. 531, 536, 431 S.E.2d 558, 561 (1993) (It is not enough that the conduct is intentional and outrageous.  It must be conduct directed at the plaintiff, or occur in the presence of a plaintiff of whom the defendant is aware.).  We note the record contains no evidence that the School District, in failing to take any preemptive action to prevent the abuse, targeted or directed any of its conduct towards the Does.  Further, no evidence suggests the School Districts actions after discovering Rojas misconduct was directed towards the Does.
Moreover, even if the School Districts actions could be construed as being directed toward the Does, we find the Does have not presented any factual allegations of the type of extreme or outrageous conduct committed by the School District that gives rise to a claim for intentional infliction of emotional distress.  Viewed in a light most favorable to the Does, the School Districts behavior in this instance is not sufficiently severe to rise to the level of conduct considered so extreme and outrageous as to exceed all possible bounds of decency [that] must be regarded as atrocious and utterly intolerable in a civilized community.  Upchurch, 314 S.C. at 536, 431 S.E.2d at 561.  The Does have shown no hostile or abusive encounters, or coercive or oppressive conduct.  Gattison v. S.C. State College, 318 S.C. 148, 157, 456 S.E.2d 414, 419 (Ct. App. 1995) (finding although plaintiff alleged unprofessional, inappropriate behavior, the defendants conduct did not exceed all possible bounds of decency).    
While it is still to be determined whether the School District may have acted negligently in failing to follow certain policies, or by failing to make changes after the two prior incidents, the record fails to reveal any conduct by the School District that was so extreme or outrageous that would enable the Does to survive summary judgment.  See Bergstrom v. Palmetto Health Alliance, 358 S.C. 388, 401, 596 S.E.2d 42, 49 (2004) (finding while staff arguably may have acted negligently in failing to follow policies, the staff did not act recklessly or intentionally in the extreme or outrageous manner described in the complaint).  Accordingly, we affirm the trial courts grant of summary judgment as to the Does claim for intentional infliction of emotional distress.[4]
CONCLUSION
We hold the Does have no viable cause of action for intentional infliction of emotion distress because the Does failed to allege any conduct directed towards them that is sufficiently extreme and outrageous on the part of the School District to allow recovery.  Therefore, the order of the trial court is
AFFIRMED.
HUFF, BEATTY, and WILLIAMS, JJ., concur.

[1]  It is difficult from the record to discern who the appellants are in this case.  The record does not indicate that SD settled her claims.  However, after reviewing the order on appeal, it appears SDs parents are the only parties appealing.   
 
[2]  Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.
[3] The complaint is not included in the Record on Appeal.
[4] In light of our disposition of this case, we need not reach the issue of whether the Tort Claims Act is a statutory bar to a cause of action for intentional infliction of emotional distress.  See Futch v. McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).